FILED

DEC 21 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH FRANCO,<br>Petitioner,<br>v.<br>JOHN D. HAVILAND, Warden,<br>Respondent. | No. C 10-01102 EJD (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner, a state prisoner at California State Prison in Vacaville, California, seeks a writ of habeas corpus under 28 U.S.C. § 2254 challenging a criminal judgment from Santa Clara County Superior Court. For the reasons set forth below, the Petition for a Writ of Habeas Corpus is **DENIED**.

**PROCEDURAL BACKGROUND**

A jury convicted Petitioner of robbery of an inhabited building, theft or unauthorized use of a vehicle and false imprisonment, and found true attached enhancement allegations for personal use of a firearm. The trial court found true the allegations concerning a prior Texas robbery conviction, finding that conviction qualified both as a "strike" within the meaning of the Three-Strikes Law and a "serious felony" as that term is defined under California law. Defendant was

sentenced to state prison for a fixed term of 41 years, eight months. People v. Franco, No. H030090, 2006 WL 3035186 (Cal. Ct. App. Oct. 26, 2006).

On October 26, 2006, the state court of appeal affirmed the convictions but reversed the trial court's finding that Petitioner's prior conviction for robbery in Texas qualified as a strike and as a serious felony on the ground that there was insufficient evidence to show that a robbery as defined under Texas law contains all of the elements of robbery as defined under California law. People v. Franco, No. H030090, 2006 WL 3035186 at *1–4 (Cal. Ct. App. Oct. 26, 2006). The appellate court vacated Petitioner's sentence and remanded the action to the trial court for retrial as to the allegations concerning the prior Texas robbery conviction and resentencing. Id. at *4.

On remand, to prove the truth of the prior Texas robbery conviction, the prosecution admitted into evidence the entire record of that prior conviction, which included the transcripts of Petitioner's Texas trial on the robbery. See Doc. #8, Exh. 2, Clerk's Transcript, Vol. 1 at 35–266. On March 20, 2007, the jury found the prior conviction true. See id., Clerk's Transcript, Vol. 2 at 267–270. The trial court found that the Texas prior conviction was both a strike and a serious felony and that it satisfied all the elements of robbery under California law. See Doc. #7, Reporter's Transcript, Vol. 1 at 83–84; Doc. #8, Clerk's Transcript, Vol. 2 at 310. On April 6, 2007, the trial court again sentenced Petitioner to 41 years, eight months in state prison. See Doc. #8, Clerk's Transcript, Vol. 2 at 319–324.

On August 25, 2008, the state court of appeal affirmed the convictions and sentence. People v. Franco, No. H031757, 2008 WL 3893701 (Cal. Ct. App. Aug. 25, 2008); Doc. #9, Exh. 5. The California Supreme Court denied review on November 12, 2008. Doc. #9, Exh. 7. The United States Supreme Court denied certiorari on March 30, 2009. Franco v. California, 129 S.Ct. 1685, 77 U.S.L.W. 3543 (U.S. Cal. Mar 30, 2009) (No. 08-8828). Petitioner filed the instant federal habeas petition on March 15, 2010. See Doc. #1.

# DISCUSSION

## A. Factual Background

The facts of Petitioner's underlying offenses, which are not relevant to the issues raised in the instant petition, and which were summarized in the state appellate court's October 2006 opinion, are as follows:

> The charges arose out of a home invasion robbery on August 4, 2004. [Petitioner] and another man entered a house where four men had been sleeping, robbed them at gunpoint of money and jewelry, and demanded large quantities of drugs. The assailants threatened the family of one victim if he did not provide the drugs in the near future and then fled in the victim's vehicle.

People v. Franco, No. H030090, 2006 WL 3035186 at *1 (Cal. Ct. App. Oct. 26, 2006).

## B. Legal Standard

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, this Court may entertain a petition for habeas relief on behalf of a California state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams (Terry) v. Taylor, 529 U.S. 362, 412–13 (2000). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct

governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 413.

In three decisions issued last term, the United States Supreme Court vigorously and repeatedly reaffirmed that under AEDPA, there is a heightened level of deference a federal habeas court must give to state court decisions. See Harrington v. Richter, 131 S. Ct. 770, 783–85 (2011); Premo v. Moore, 131 S. Ct. 733, 739–40 (2011); Felkner v. Jackson, 131 S.Ct. 1305 (2011) (per curiam). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" Felkner, 131 S.Ct. at 1307 (citation omitted).

With these principles in mind regarding the standard and limited scope of review in which this Court may engage in federal habeas proceedings, the Court addresses Petitioner's claims.

C.   Claims and Analysis

   1.   Double Jeopardy

Petitioner first claims that the remand, retrial and true finding on the Texas prior robbery conviction, which was used to enhance his sentence, violated his right to be free from being placed twice in jeopardy after the state appellate court vacated due to insufficient evidence the true finding on that prior. As discussed below, Petitioner is not entitled to relief on this claim.

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. In Benton v. Maryland, 395 U.S. 784 (1969), double jeopardy protections were held applicable to the states through the Fourteenth Amendment. The guarantee against double jeopardy protects against (1) a second prosecution for the same offense after acquittal or conviction, and (2) multiple punishments for the same offense. See Witte v. United States, 515 U.S. 389, 395–96 (1995); United States v. DiFrancesco, 449 U.S. 117, 129 (1980); North Carolina v.

Pearce, 395 U.S. 711, 717 (1969); Staatz v. Dupnik, 789 F.2d 806, 808 (9th Cir. 1986).

Double jeopardy protections, however, do not extend to sentencing proceedings because sentencing determinations do not place a defendant in jeopardy for an "offense." Monge v. California, 524 U.S. 721, 728 (1998). The pronouncement of sentence simply does not "have the qualities of constitutional finality that attend an acquittal." DiFrancesco, 449 U.S. at 134. As the High Court explained: "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." Id. at 137. "Consequently, it is a well-established part of our constitutional jurisprudence that the guarantee against double jeopardy neither prevents the prosecution from seeking review of a sentence nor restricts the length of a sentence imposed upon retrial after a defendant's successful appeal." Monge, 524 U.S. at 730 (citations and internal quotation marks omitted).

In addressing Petitioner's double jeopardy claim, the state appellate court explained:

> In People v. Monge (1997) 16 Cal.4th 826 (Monge I), the California Supreme Court considered a constitutional challenge to the retrial of a prior conviction allegation. A jury had convicted the defendant and the trial court had found true the prior-serious-felony and prior-prison-term allegations. (Id. at pp. 830-831.) The Court of Appeal reversed as to the true finding on the prior-serious-felony allegation, concluding there was insufficient evidence to support the finding and held further that principles of double jeopardy precluded a retrial. (Id. at p. 831.) The Supreme Court in Monge I concluded that "the federal double jeopardy clause does not apply to the trial of the prior conviction allegation in this case." (Id. at p. 843.) It held further that the double jeopardy provision under article I, section 15 of the California Constitution did not bar a retrial of a prior conviction allegation that was reversed for insufficiency of the evidence. (Monge I, supra, at pp. 843-845.)
>
> In Monge v. California (1998) 524 U.S. 721 (Monge II), the United States Supreme Court affirmed the California Supreme Court's decision in Monge I,

supra, 16 Cal.4th 826. The nation's highest court held that retrial of a prior conviction allegation in a noncapital sentencing context does not violate the double jeopardy clause. (Monge II, supra, at pp. 728, 734.) It observed: "We have held that where an appeals court overturns a conviction on the ground that the prosecution proffered insufficient evidence of guilt, that finding is comparable to an acquittal, and the Double Jeopardy Clause precludes a second trial. [Citation.] Where a similar failure of proof occurs in a sentencing proceeding, however, the analogy is inapt. The pronouncement of sentence simply does not 'have the qualities of constitutional finality that attend an acquittal.' [Citations.]" (Id. at p. 729; see also People v. Barragan (2004) 32 Cal.4th 236, 241-242 [reciting Monge I's and Monge II's holdings that retrial of prior conviction allegation not barred by double jeopardy prohibition].)

[Petitioner] acknowledges that the holdings in Monge I and Monge II require us to conclude that retrial of the prior conviction allegation here did not offend principles of double jeopardy. But he asserts – for purposes of preserving his contention to be raised before the United States Supreme Court – that retrial of the allegation was barred by the Fifth Amendment's double jeopardy clause under the high court's reasoning in Apprendi v. New Jersey (2000) 530 U.S. 466 (Apprendi). We reject [Petitioner's] position.

An Apprendi argument identical to the one [Petitioner] makes here was rejected in People v. Jenkins (2006) 140 Cal.App.4th 805, 813-816. There, the court concluded that "while Apprendi may indeed require a jury determination of factual issues pertaining to foreign prior convictions, where, as here, the prosecutor introduces bare-bones evidence of the fact of the foreign conviction and its general nature, the issue of whether the foreign jurisdiction's law contains the same elements as California law is a legal one, to be decided by the judge, not the jury. Accordingly, there is no merit to appellant's claim that Apprendi precludes application of People v. Barragan, supra, 32 Cal.4th 236, and [Monge I], supra, 16 Cal.4th 826, because additional factual determinations were required. An additional legal determination was required, but the only factual determination was that expressly excepted from the scope of Apprendi, i.e., whether appellant had suffered the [foreign] convictions alleged in the information." (Id. at p. 816.)

In any event, [Petitioner's] contention is at odds with existing authority of our nation's and this state's highest courts. (See Monge II, supra, 524 U.S. 721; People v. Barragan, supra, 32 Cal.4th at pp. 241-242;

> Monge I, supra, 16 Cal.4th 826.) We are bound by that precedent. (Auto Equity Sales. Inc. v. Superior Court (1962) 57 Cal.2d 450.)
>
> For these reasons, we reject [Petitioner's] contention that the retrial of the allegation concerning his prior Texas conviction was impermissible under the double jeopardy clause of the Fifth Amendment of the United States Constitution.

People v. Franco, No. H031757, 2008 WL 3893701 at *3–5 (Cal. Ct. App. Aug. 25, 2008); Doc. #9, Exh. 5 at 6–8.

Here, unfortunately for Petitioner, the United States Supreme Court has neither overruled nor discounted its decision in Monge. The clearly established federal law from that decision remains: notwithstanding a finding that the evidence used to support a prior conviction allegation was insufficient, double jeopardy protections do not preclude retrial on that same prior conviction allegation following remand. Monge, 524 U.S. at 729, 734.

Further, as the state appellate court correctly noted, the high court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), does nothing to save Petitioner's double jeopardy claim. Apprendi held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Under California law, if it is necessary to review the record of a prior criminal proceeding to determine whether a prior conviction qualifies under California's various sentencing enhancement statutes, the responsibility for this inquiry falls upon the court, rather than the jury. People v. McGee, 38 Cal.4th 682 (2006). In McGee, the California Supreme Court held that having the trial court, rather than the jury, conduct this inquiry does not violate the federal constitutional right to a jury determination for factual findings that increase a defendant's punishment. Id. at 685, 714–15 (finding no Apprendi violation in trial court's reviewing record of prior conviction and determination that prior conviction was a "serious felony" and as such qualified as a strike under California law).

As set forth below, this is precisely what the trial court did during Petitioner's retrial on the prior conviction:

> THE COURT: I have reviewed the evidence in this case [regarding the Texas prior robbery conviction] and I might add, although we submitted the question to the jury of whether this defendant was the person convicted, regarding the identity of the defendant who was convicted in the Texas case, the jury, by virtue of its verdict, found that he was. Had that been submitted to the Court, the Court would also have found that the identity is that of the defendant before the Court beyond a reasonable doubt.
>
> I'm also going to find that the offense that the defendant was convicted of in Texas, that's the violation of Texas Penal Code section 2902 in case number 79868, El Paso County, is an offense within the meaning of Penal Code section 667(b) through 667(i) and 1170.12. That it was committed prior to the commission of the offenses alleged in the information in this case, and that it includes all of the elements of a violent and serious felony as defined in Penal Code section 667.5(c) and 1192.7(c).
>
> Further, I'll find that the Texas conviction also falls within the meaning of Penal Code section 667(a), that it was committed prior to the commission of the offenses alleged in Counts One, Two and Three of the Information in our case, and that the defendant was convicted of a serious felony as described in 667(a) and 1192.7.
>
> Finally, I'll find that the Texas conviction satisfied all of the elements of a robbery under the California Law in violation of Penal Code section 211.

Doc. #7, Exh. 1, Reporter's Transcript Vol. 2 at 83–84.

After careful review of the relevant law and the facts of Petitioner's case, the Court cannot say that the state court's determination regarding Petitioner's double jeopardy claim was contrary to or involved an unreasonable application of clearly established federal law or that it resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); Williams, 529 U.S. at 411; Monge, 524 U.S. at 729, 734. Petitioner therefore is not entitled to relief on this claim.

2.   Ineffective Assistance of Counsel Claim

Petitioner next claims that both his trial counsel and appellate counsel were ineffective for failing to challenge the admission of the Texas prior on remand and retrial and its use to enhance his sentence. See Doc. #1. As discussed below, Petitioner is not entitled to relief on this claim.

Initially, the Court finds that this claim is unexhausted. A prisoner in state custody who wishes to challenge in federal habeas proceedings either the fact or length of his confinement is first required to exhaust available state court remedies. See 28 U.S.C. § 2254(b); Rose v. Lundy, 455 U.S. 509, 515–16 (1982). A prisoner satisfies the exhaustion requirement if: "(1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it," or "(2) he demonstrates that no state remedy remains available." Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. See O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process").

In California, a prisoner exhausts his federal claim by fairly presenting it to the Supreme Court of California. See Larche v. Simons, 53 F.3d 1068, 1071–72 (9th Cir. 1995); Kim v. Villalobos, 799 F.2d 1317, 1318 (9th Cir. 1986). Even if a claim is unexhausted, however, the Ninth Circuit has held that "a federal court may deny an unexhausted claim on the merits where it is perfectly clear that the applicant

does not raise even a colorable federal claim." Cassett v Stewart, 406 F.3d 614, 624 (9th Cir. 2005).

Here, a review of the record before the Court shows that Petitioner failed to include in his petition for review to the California Supreme Court his claim alleging ineffective assistance of counsel, see Doc. #9, Exh. 3; consequently this claim is unexhausted. Even if Petitioner had exhausted the claim, it nonetheless may be denied on the merits because it "does not raise even a colorable federal claim." Cassett, 406 F.3d at 624.

As explained earlier, there is no merit to Petitioner's claim that double jeopardy protections did not preclude remand, retrial or a true finding on the Texas prior robbery conviction and its use to enhance his sentence after the state appellate court vacated the original true finding due to insufficient evidence. It necessarily follows, then, that Petitioner is not entitled to relief on his claim that counsel were ineffective for failing to raise a double jeopardy challenge to the prior Texas robbery conviction. Indeed, even Petitioner himself admitted to the state appellate court that raising a double jeopardy claim would have been futile given the state of the law:

> Defendant acknowledges that he did not raise his double jeopardy claim below. But he argues that the claim was not forfeited because it would have been completely futile for him to have asserted it in the trial court, based upon the settled state of authority rejecting such a double jeopardy claim. (See People v. Birks (1998) 19 Cal.4th 108, 116, fn. 6 [Attorney General's argument, not raised in Court of Appeal, that People v. Geiger (1984) 35 Cal.3d 510 should be overruled, was not forfeited; Court of Appeal had no authority to overrule Geiger].) Defendant asserts further that we may consider his constitutional argument in the first instance because it is an entirely legal matter that can be decided on undisputed facts. (Hale v. Morgan (1978) 22 Cal.3d 388, 394.)
>
> We agree that it would have been entirely futile for defendant to have asserted the constitutional challenge in the trial court. As we discuss, *post*, under existing law, we are – as would the trial court have been – duty bound to reject defendant's double jeopardy claim. (See Moradi-Shalal v. Fireman's Fund Ins. Companies (1988) 46 Cal.3d 287, 292, fn. 1 [holding

> challenge not forfeited despite failure to raise it in trial or appellate court, since it would have been "pointless for defendant to ask either the trial or appellate court to overrule one of our decisions"].) Accordingly, we conclude that the claim is not forfeited.

People v. Franco, No. H031757, 2008 WL 3893701 at *3 (Cal. Ct. App. Aug. 25, 2008).

Based on the foregoing, the Court finds that Petitioner is not entitled to relief on his ineffective assistance of counsel claim.

## CONCLUSION

After a careful review of the record and pertinent law, the Court concludes that the Petition for a Writ of Habeas Corpus must be **DENIED**.

Further, a Certificate of Appealability is **DENIED**. See Rule 11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

SO ORDERED.

DATED: 12/21/11

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

KENNETH FRANCO,

    Plaintiff,

v.

JOHN D HAVILAND et al,

    Defendant.

    Case Number: CV10-01102 EJD

    **CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on December 21, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Franco F-76253
California State Prison
P. O. Box 4000
Vacaville, CA 95696

Dated: December 21, 2011

    Richard W. Wieking, Clerk
    /s/ By: Elizabeth Garcia, Deputy Clerk